**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JAY D. GOULD,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERFACE, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | Civ. A. No. 1:20-cv-00695-SDG |

# ORDER

Upon careful consideration, the Court hereby GRANTS the Parties' Joint Motion to Correct Judgment and for Rule 54(b) Certification, and for good cause shown, the Court therefore ORDERS as follows:

1. The May 12, 2022 Order (Doc. 205) and Judgment (Doc. 206) entered by the Clerk are hereby SET ASIDE;

2. The March 31, 2022 Opinion and Order is a final appealable order, and is hereby **CORRECTED** to dismiss Plaintiff's affirmative claims only.

It is **FURTHER ORDERED, ADJUDGED, and DECREED** that pursuant to Federal Rule of Civil Procedure 54(b) there is no just reason for delay in entry of a partial final judgment as to all of Plaintiff's claims in this action.

Plaintiff's claims and Interface's counterclaim concern a substantially similar set of alleged facts. Specifically, all claims concern Interface's decision to terminate Plaintiff's employment in January 2020 and the alleged relationship between that decision and contemporaneous allegations of misconduct made against Plaintiff. *See* Doc. 4 at ¶¶ 47, 53–54, 73–83; Doc. 7 at 44–49.

A trial of only Interface's counterclaim at this juncture raises the possibility that the Court and the parties may be required to try substantially the same factual matters in a potential second trial upon a possible reversal of the Court's grant of summary judgment on Plaintiff's claims by the United States Court of Appeals for the Eleventh Circuit, and that a potential second trial involving Plaintiff's claims may be burdened with questions as to the preclusive effect of any jury verdict on Interface's counterclaim. A Rule 54(b) partial final judgment certification and a stay of proceedings are necessary to ensure that the same factual matters are tried only once by one set of factfinders.

3. Interface's counterclaim is hereby **REINSTATED** and is now pending in this action.

4. The Clerk is **DIRECTED** to enter partial final judgment in favor of Defendant Interface, Inc. as to all of Plaintiff's claims in this action.

5. This action is **STAYED** pending the final disposition of any appeal of the Court's entry of partial final judgment as to all of Plaintiff's claims in this action.

**SO ORDERED** this 13th day of June, 2022.

Hon. Steven D. Grimberg
United States District Judge