IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAY D. GOULD,
    Plaintiff,

            v.

INTERFACE, INC.,
    Defendant.

Civil Action No.
1:20-cv-00695-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Gould's motion for reconsideration. After careful consideration, and with the benefit of oral argument, the Court **DENIES** the motion.

**I.    Background**

Gould brought claims against his former employer, Interface, for retaliatory discharge in violation of Title VII and breach of contract. Interface filed a counterclaim for breach of fiduciary duty. Interface moved for summary judgment on Gould's claims, but Gould did not move for summary judgment on the counterclaim.[1] After extensive briefing and oral argument, United States Magistrate Judge Christopher C. Bly issued a thorough fifty-eight page Report and Recommendation (R&R) recommending that Interface's summary judgment

---

[1] ECF 134.

motion be granted.[2] Gould objected.[3] This Court undertook a *de novo* review of the R&R, which it ultimately adopted in its entirety.[4]

Only Interface's counterclaimed remained. This triggered a potentially problematic scenario: a trial of only Interface's counterclaim raised the possibility that the parties might be required to try substantially the same factual matters in a second trial, should the Eleventh Circuit later reverse the Court's grant of summary judgment in favor of Interface. Further, a potential second trial involving Gould's claims might be burdened with questions as to the preclusive effect of any prior jury verdict on Interface's counterclaim. Recognizing these concerns, the Court granted the parties' joint motion to certify the summary judgment order as final,[5] thereby allowing Gould to immediately appeal the order, which he did.[6] The Eleventh Circuit, however, dismissed the appeal as premature and lacking jurisdiction.[7] Accordingly, Interface's counterclaim was again before this Court and headed to trial.

---

[2] ECF 195.

[3] ECF 198.

[4] ECF 201.

[5] ECF 209.

[6] ECF 214.

[7] ECF 222.

On January 1, 2023, approximately two months after Gould's appeal was dismissed, he filed the instant motion for reconsideration, asking this Court to find clear error in its order on summary judgment with respect to the breach of contract claim.[8] That claim alleges that Interface (1) materially breached its agreement with Gould given the manner of his termination, (2) failed to pay Gould under the terms of the contract, and (3) breached the agreement in bad faith.

Interface fired Gould with cause. This is relevant because under the contract, Gould is not entitled to a payout if he is terminated with cause. Gould challenges Interface's determination that cause existed to terminate him. And, because he asserts that his termination was in fact without cause, Gould claims that Interface breached the contract by failing to pay him as required under the "without cause" termination provision.

## II.   Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* In order to establish absolute necessity, the moving party must show that there is: "(1)

---

8   ECF 223.

newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

A motion for reconsideration may not be used to show the Court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Bryan*, 246 F. Supp. 2d at 1259 (citing to *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

### III. Discussion

Gould's motion for reconsideration fails for three separate reasons, each one independently sufficient to deny the motion. First, the motion is untimely under NDGA Local Rule 7.2(E), which requires motions for reconsideration to be filed within 28 days of entry of the challenged order. This motion was filed ten months after the order issued. The Court recognizes that Gould made efforts to seek relief from the summary judgment order via other procedural routes during that time. And, under the Federal Rules of Civil Procedure, courts have discretion to

consider a motion for reconsideration and revise an order in the interest of justice. Nonetheless, the Court sees no reason to exercise its discretion to consider this otherwise untimely motion for reasons explained below.

Second, Gould waived the argument that he now raises. Both Judge Bly and undersigned undertook an extensive and thorough review of the record and the arguments before them in issuing and adopting the R&R. In addition to the summary judgment briefing, Judge Bly held oral argument (which lasted approximately two hours) to allow the parties an opportunity to clarify issues and argue for their positions. Matters related to the employment contract were explored at length, with each side urging Judge Bly to adopt its respective interpretation. The lengthy R&R reflected the intensive, detailed, and thoughtful analysis Judge Bly undertook in this case. This Court then conducted a *de novo* review of the R&R before coming to its conclusions. The Court reiterates this procedural history to emphasize both the opportunities the parties had to articulate and argue their positions as well as the care Judge Bly and undersigned took to get it right the first time.

Gould's new counsel has done something between repackaging prior arguments and offering new legal theories—neither of which is a valid basis for reconsideration. Though Gould raised an objection in a loosely similar vein, it was

not squarely nor sufficiently the argument presented to the Court now. That objection to the R&R states:

> [T]he Magistrate Judge's ruling and legal interpretation of Gould's employment contract, renders meaningless the defined terms of the "Cause" provision of the employment contract by determining that the "sole discretion" clause of the employment agreement *removes any duty of the Defendant to act in good faith when making a determination of termination for "Cause."* By their very nature, however, for-cause provisions with defined terms exist to limit an entity's ability to act arbitrarily, as the Defendants have done. Such a broad reading of the "sole discretion" clause is incompatible with the existence of the for-cause provision.[9]

Save legal citations, that is the entirety of the objection. Undersigned interpreted then and interprets now this to be an objection to Judge Bly declining to find that a duty of good faith applies to the for-cause determination, *not* an argument that Interface lacked the absolute and unreviewable authority to determine whether an employee's termination was with or without cause—the argument before it today.

To be sure, liberally construed, the objection and the instant argument overlap to a degree. For example, both contend that the definition of "cause" is rendered meaningless if the Court adopts Interface's reading of the contract. But just because both conclusions might render the for-cause definition meaningless

---

9   ECF 198, at 32.

does not make them the same argument—one is urging the Court to apply a good-faith requirement to the for-cause determination and the other is urging the Court to find the issue of termination with cause subject to litigation.[10]

Gould's interpretation of *Automatic Sprinkler Corp. of America v. Anderson*, 243 Ga. 86 (1979), highlights that the R&R objection is different than the argument put forth now. According to Gould, *Automatic Sprinkler* creates three "tiers" of contracts. One, a contract allowing the company to terminate with cause, but whether cause exists is subject to litigation. Two, a contract where the company can terminate the employee if it determines in good faith that cause existed. And three, a contract giving the company the sole, unreviewable, and ultimate authority to both terminate an employee and make the cause determination. Gould now argues that the contract falls into the first category, but the objection to the R&R argues that it falls into the second category.

Finally, even if the motion for reconsideration had been timely and the argument preserved, it fails on the merits in any event because the Court does not

---

[10] When asked during oral argument whether an objection to the R&R was made on the grounds now argued, Gould's counsel carefully responded that "certainly an objection was made that [Judge Bly's] ruling and legal interpretation renders meaningless the defined term of the cause provision of the employment contract."

find clear error in its previous order. That is not to say that Gould's position does not have some merit. It does. Gould contends that nothing in the contract gives Interface the sole discretion (qualified by good faith or not) to make a determination of cause. He grounds this argument in both a plain language reading of Section 5(c), as well as referring to other provisions of the contract. Specifically, Gould argues that the provision of the contract defining cause would be pointless if the Board ultimately had the unreviewable authority to decide whether cause existed because *anything* could qualify as cause. In other words, according to Gould, there is no point in providing a definition of a term that the Board ultimately has the sole discretion to interpret. To further this argument, Gould points to a provision of the contract referring to "alleged cause." He posits that, if the cause determination were completely within Interface's discretion, cause would never be "alleged"; it would be conclusively found. Gould's interpretation is certainly a reasonable one.

But Interface's interpretation is reasonable as well. It argues that Section 5(c)'s "sole discretion" language refers to three separate decisions: the decision to terminate, the decision to do so "with or without cause," and the decision of when to do so. It argues this reading, combined with the lack of limiting language, lends itself to a plain language interpretation that vests Interface with the sole discretion

to make the cause determination. Further, it contends that reading the "sole discretion" provision to apply to only the termination decision would render the phrase meaningless since no one *but* Interface would have the authority to fire its CEO. It also convincingly rebuts Gould's arguments that other provisions of the contract support his reading. For example, Interface notes that other provisions of the contract invoke cause such that the inclusion of a definition of the term is beneficial.

Because there are two reasonable and legally sound interpretations of the contract the Court cannot find, at this juncture on a motion for reconsideration, that its interpretation when adopting the R&R was clearly erroneous such that it should reverse its previous order.

**IV. Conclusion**

The Court **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED** this 31st day of July, 2023.

Steven D. Grimberg
United States District Court Judge